IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 12-575 |
| | ) 18 U.S.C. § 371 |
| | ) 18 U.S.C. § 1341 |
| vs. | ) 18 U.S.C. § 1956(a)(1)(A)(I) |
| | ) 18 U.S.C. § 981(a)(1)(C) |
| | ) 18 U.S.C. § 982(a)(1) |
| **ARCHIE LARUE EVANS** | ) 31 U.S.C. § 5317 |
| | ) 28 U.S.C. § 2461(c) |
| | ) **INDICTMENT** |

### COUNTS 1 - 8

**RECEIVED**

JUL 24 2012

LARRY W. PROPES, CLERK
FLORENCE, SC

**THE GRAND JURY CHARGES:**

**A.     INTRODUCTION**

All time times relevant to this indictment,

1.     The defendant, **ARCHIE LARUE EVANS,** was the owner and operator of the investment business, Gold & Silver, LLC, which invested in futures markets through a company named Open E Cry. Gold & Silver, LLC., was incorporated in South Carolina on February 24, 2004, but **ARCHIE LARUE EVANS** and Gold & Silver LLC., were not registered as a licensed investment advisor or broker/brokerage company.

2.     Beginning in 2004, members of the congregation of Tilley Swamp Baptist Church, and others, entered into investment contracts with **ARCHIE LARUE EVANS** and Gold & Silver, LLC., which promised investors quarterly interest payments at a higher rate than other financial institutions were paying, sometimes as much as 10% to 12% per quarter on their investment amount.

3.     From January 2009, to October 2011, **ARCHIE LARUE EVANS** engaged in a scheme and artifice to hide the fact that he lost or spent money invested with him and to induce individuals to invest more money. In furtherance of the scheme, **ARCHIE LARUE EVANS,** prepared investment statements falsely making it appear that investors were earning a high rate of interest on their

investments with Gold & Silver, LLC, then made interest payments using money he received from other investors. The false investment statements and payments encouraged the investors to invest more money with Gold & Silver, LLC., and caused new investors to invest.

4. **ARCHIE LARUE EVANS** was using new investors' money to: a) pay quarterly interest payments to the earlier investors; b) pay Evans' personal expenses; and c) to cover trading losses with Open E Cry.

5. That from in or about January 2009, to in or about October 2011, in the District of South Carolina and elsewhere, the defendant, **ARCHIE LAURE EVANS**, did devise and intend to devise a scheme and artifice to defraud and to obtain money and property from various individuals by means of false and fraudulent pretenses, representations, and promises, causing losses in excess of $2,500,000.00.

6. It was a part of said scheme and artifice to defraud that the defendant, **ARCHIE LARUE EVANS**, would generate quarterly financial statements falsely reflecting the investors' interest earned and their investment balances with Gold & Silver, LLC. These statements were false as **ARCHIE LAURE EVANS** had already spent or lost the majority if not all of the investors' money.

7. It was further a part of said scheme and artifice to defraud that the defendant, **ARCHIE LARUE EVANS**, sent checks to investors representing interest earned on their investment with Gold & Silver, LLC., when in fact the amounts sent were actually a portion of their investment or investments made by other investors.

8. On or about the dates set forth, in the District of South Carolina and elsewhere, the defendant, **ARCHIE LARUE EVANS**, for the purpose of executing the aforesaid scheme and artifice to defraud, knowingly did cause things to be delivered by mail according to the directions thereon payments to victims of the scheme listed below:

| Count | Date | Investors & Investor's Address |
|---|---|---|
| 1 | 1/16/2009 | G.L.S. Conway, SC 29526 |
| 2 | 8/7/2009 | W.M. Little River, SC 29566 |
| 3 | 8/17/2009 | M.W. Conway, SC 29526 |
| 4 | 10/15/2009 | L.E.A. Conway, SC 29526 |
| 5 | 10/29/2009 | L.E.A. Conway, SC 29526 |
| 6 | 1/7/2011 | W.M Little River, SC 29566 |
| 7 | 7/12/2010 | G.L.S. Conway, SC 29526 |
| 8 | 7/26/2011 | T.T. Galivants Ferry, SC 29544 |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS 9 - 13

**THE GRAND JURY FURTHER CHARGES:**

From in or about January 2009, to in or about October 2011, in the District of South Carolina and elsewhere, the defendant, **ARCHIE LARUE EVANS,** did conduct or attempt to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in that on the below listed dates, the defendant, **ARCHIE LARUE EVANS** wrote checks to the below listed investors, from his Anderson Brothers Bank Gold & Silver account, which he falsely represented to be payment of interest, to promote his illegal investment activities;

| Count | Date     | Investors | Check Info.         |
|-------|----------|-----------|---------------------|
| 9     | 8/7/09   | M.W.      | #2603 for $3,000    |
| 10    | 8/17/09  | M.W.      | #2604 for $9,840    |
| 11    | 10/15/09 | L.A.      | #2607 for $10,000   |
| 12    | 10/29/09 | L.A.      | #2610 for $10,000   |
| 13    | 1/7/11   | M.W.      | #3053 for $7,800    |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT 14

**THE GRAND JURY FURTHER CHARGES:**

From in or about May 18, 2010, until in or about October 2011, in the District of South Carolina and elsewhere, the defendant, **ARCHIE LARUE EVANS**, did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with various other persons, both known and unknown to the Grand Jury, to defraud the United States Government, or one of its departments or agencies, by:

knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of the Title 31 of the United States Code, as a part of a pattern of illegal activity involving more than $100,000 in a twelve-month period:

1. causing and attempting to cause a domestic financial institution to fail to file a report required under section 5313(a), in violation of Title 31, United States Code, Section 5324(a)(1); and

2. structuring and assisting in structuring, or attempting to structure or assist in structuring, transactions with one or more domestic financial institutions, in violation of Title 31, United States Code, Section 5324(a)(3).

## OVERT ACTS

In furtherance of the aforesaid conspiracy and to effect the objects and purposes thereof, the defendant, **ARCHIE LARUE EVANS,** and others, known and unknown committed one or more overt acts in the District of South Carolina and elsewhere, including but not limited to the following:

1. From on or about May 18, 2010 to May 5, 2011, **ARCHIE LARUE EVANS,** caused Anderson Brothers Bank, located in Conway, SC, to fail to file a currency transaction report (CTR) by structuring US currency deposits of $10,000 or less, as shown below:

| ●  | Date     | Deposit Amount |
|----|----------|----------------|
| a  | 5/18/10  | $9,000         |
| b  | 5/27/10  | $9,500         |
| c  | 5/28/10  | $9,500         |
| d  | 6/1/10   | $8,000         |
| e  | 6/2/10   | $10,000        |
| f  | 6/3/10   | $10,000        |
| g  | 6/8/10   | $10,000        |
| h  | 6/24/10  | $10,000        |
| i  | 7/9/10   | $10,000        |
| j  | 7/12/10  | $10,000        |
| k  | 7/13/10  | $10,000        |
| l  | 7/21/10  | $10,000        |
| m  | 9/3/10   | $10,000        |
| n  | 10/6/10  | $10,000        |
| o  | 10/14/10 | $10,000        |
| p  | 10/22/10 | $10,000        |
| q  | 10/23/10 | $10,000        |
| r  | 11/5/10  | $10,000        |
| s  | 2/11/11  | $9,000         |
| t  | 3/15/11  | $9,000         |
| u  | 3/16/11  | $8,000         |
| v  | 3/17/11  | $8,000         |
| w  | 3/17/11  | $2,000         |
| x  | 3/18/11  | $10,000        |
| y  | 3/28/11  | $9,000         |
| z  | 3/29/11  | $9,000         |
| aa | 3/30/11  | $9,000         |
| bb | 3/31/11  | $10,000        |

| | | |
|---|---|---|
| cc | 4/8/11 | $9,000 |
| dd | 4/25/11 | $6,000 |
| ee | 4/29/11 | $7,000 |
| ff | 5/5/11 | $9,500 |

2.     From on or about April 19, 2011, **ARCHIE LARUE EVANS,** caused First Citizens Bank, located in Conway, SC, to fail to file a currency transaction report (CTR) by structuring US currency deposits of $10,000 or less, as shown below:

| • | Date | Deposit Amount |
|---|---|---|
| a | 4/19/11 | $8,000 |
| b | 4/21/11 | $9,500 |
| c | 4/26/11 | $9,000 |
| d | 4/27/11 | $3,700 |
| e | 4/29/11 | $9,000 |
| f | 5/9/11 | $9,500 |
| g | 5/10/11 | $7,500 |
| h | 5/12/11 | $7,000 |
| i | 5/16/11 | $9,600 |
| j | 6/1/11 | $8,000 |
| k | 6/3/11 | $9,500 |
| l | 6/14/11 | $9,000 |
| m | 6/15/11 | $8,000 |
| n | 6/16/11 | $9,000 |
| o | 6/17/11 | $6,000 |
| p | 7/8/11 | $9,300 |
| q | 7/12/11 | $9,000 |
| r | 7/13/11 | $6,200 |

| | | |
|---|---|---|
| s | 8/5/11 | $8,500 |
| t | 8/19/11 | $9,800 |
| u | 8/22/11 | $9,700 |
| v | 8/23/11 | $3,000 |
| w | 9/13/11 | $8,500 |
| x | 9/16/11 | $7,000 |
| y | 9/30/11 | $9,000 |
| z | 10/3/11 | $7,000 |
| aa | 10/4/11 | $9,200 |
| bb | 10/5/11 | $8,800 |
| cc | 10/6/11 | $9,800 |

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE

A. Upon conviction for violation of Title 18, United States Code, Sections 1341 as charged in Counts 1 through 8 of this Indictment, Title 18, United States Code, Section 1956 as charged in Counts 9 through 13, and Title 18, United States Code, Section 371 as charged in Count 14, the Defendant, **ARCHIE LARUE EVANS**, shall forfeit to the United States any property, real or personal, constituting, derived from, involved in, or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offenses, including, but not limited to the following:

B. The property subject to forfeiture includes, but is not limited to, the following:

    1. CASH PROCEEDS/MONEY JUDGMENT:

        a. A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the offenses charged in Counts 1 through 8 of the Indictment, all property involved in money laundering transactions charged in Counts 9 through 13 of this Indictment, and all property involved in or traceable to conspiracy to structure that is, a minimum of approximately $2,500,000 in United States currency, and all interest and proceeds traceable thereto;

C. SUBSTITUTE ASSETS:

    1. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

        (a) cannot be located upon the exercise of due diligence;
        (b) has been transferred or sold to, or deposited with, a third person;
        (c) has been placed beyond the jurisdiction of the Court;
        (d) has been substantially diminished in value; or
        (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the said Defendant up to the value of the above described forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), Title 31, United States Code, Section 5317 and Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████████

FOREPERSON

WILLIAM N. NETTLES     (WED)
UNITED STATES ATTORNEY