UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Archie Larue Evans, ) | Criminal No.: 4:12-cr-00575-RBH-1 |
| ) | Civil Action No.: 4:16-cv-03359-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court is Petitioner Archie Larue Evans' ("Petitioner") *pro se* [ECF No. 199] motion to vacate, set aside, or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. Also pending is Petitioner's [ECF No. 217] motion for judgment on the pleadings and the government's [ECF No. 220] motion for summary judgment.

**Procedural History and Factual Background**

Petitioner was indicted on July 24, 2012, in a fourteen count indictment. [ECF No. 2]. Counts one through eight alleged mail fraud in violation of 18 U.S.C. § 1341. Counts nine through thirteen alleged money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Count fourteen alleged a conspiracy to defraud the United States in violation of 18 U.S.C. § 371.

On January 9, 2013, Petitioner signed a plea agreement wherein Petitioner agreed to plead guilty to count eight (mail fraud) and count fourteen (conspiracy). [ECF No. 40]. Petitioner entered his guilty plea the same day. [ECF No. 42].

On February 6, 2013, Petitioner filed a pro se motion to relieve counsel, Scott Bellamy, Esq. [ECF No. 44]. The pro se motion to relieve counsel was also construed as a pro se motion to withdraw guilty plea. The Court held a hearing on Petitioner's motion to relieve Bellamy on

February 14, 2013, and granted Petitioner's motion to relieve counsel. The Court then appointed William F. Nettles, IV, Esq., Assistant Federal Public Defender, to represent Petitioner.

On March 14, 2013, Petitioner, through counsel, filed an amended motion to withdraw his guilty plea. [ECF No. 53]. The government filed a response in opposition to Petitioner's amended motion to withdraw his guilty plea on March 26, 2103. The Court then set a hearing for April 24, 2013, on Petitioner's motions to withdraw his guilty plea.

On April 23, 2013, the day before the hearing, Petitioner withdrew his motion to withdraw his guilty plea. [ECF No. 60]. Petitioner filed a declaration stating "[a]fter consultation with my attorney, I have instructed my attorney to withdraw my *pro se* motion to withdraw my guilty plea as well as the amended motion to withdraw my guilty plea. I intend to stand by my guilty plea." [ECF No. 60-1].

On May 22, 2013, Petitioner filed a second motion to relieve counsel. This time, Petitioner sought to remove William F. Nettles. [ECF No. 64]. The Court set a hearing for July 1, 2013, on Petitioner's second motion to relieve counsel.

At the hearing, Petitioner elected to proceed *pro se*. The Court granted Petitioner's motion to relieve counsel and found that Petitioner knowingly and voluntarily waived his right to counsel. [ECF No. 77]. The Court ordered Mr. Nettles to serve as standby counsel.

A presentence investigation report ("PSR") dated March 20, 2013, and revised on November 22, 2013, January 13, 2014, and May 13, 2014, was prepared by the U.S. Probation Office. With regard to sentencing options, the PSR stated that Petitioner's maximum statutory sentence on count eight was 20 years, pursuant to 18 U.S.C. § 1341. Petitioner's maximum statutory sentence on count fourteen was 5 years under 18 U.S.C. § 371. Petitioner's advisory guideline range was 87 to 108 months, based on a total offense level of 29 and criminal history category of I. The PSR found that,

based on the actual loss suffered by each victim, restitution in the amount of $3,779,389.53 was due to fourteen victims.

On July 9, 2014, Petitioner was sentenced to 84 months as to count eight and 60 months as to count fourteen, to run concurrently. [ECF No. 138]. Petitioner was also placed on supervised release for 3 years upon his release from prison. Petitioner was ordered to pay restitution in the amount of $3,763,339.53.

Judgment was entered on July 11, 2014. [ECF No. 138].

Petitioner filed a timely notice of appeal of the final judgment on July 9, 2014. [ECF No. 132]. Petitioner's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal. Petitioner also filed a *pro se* supplemental brief that raised numerous challenges to his guilty plea and sentence.

The Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence in an opinion dated July 8, 2015. [ECF No. 191]. The mandate and judgment were issued on July 30, 2015.

Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on October 12, 2016. The government filed a response to Petitioner's motion to vacate and a motion for summary judgment on May 12, 2017.

**Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is

3

otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that he is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to

4

resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's motion to vacate alleges, among other things, ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. In the context of a guilty plea, Petitioner must show "that there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

## **Analysis**

Petitioner alleges four grounds for relief in his motion to vacate. Ground one alleges

ineffective assistance of Petitioner's privately retained counsel in connection to Petitioner's guilty plea. Ground two alleges ineffective assistance of Petitioner's subsequent court-appointed counsel with respect to Petitioner's attempts to withdraw his guilty plea. Ground three alleges prosecutorial misconduct and ground four alleges judicial bias and error. The government argues Petitioner is not entitled to relief on any of the claims alleged. The Court will address each ground below.

Ground One – Ineffective Assistance of Counsel – Guilty Plea

In ground one, Petitioner alleges ineffective assistance of counsel in connection to his guilty plea. Ground one relates to Petitioner's first counsel, Scott Bellamy, who was retained by Petitioner. Petitioner allegedly called the Clerk's Office on January 2, 2013, to request that Mr. Bellamy be relieved. The Clerk's Office allegedly informed Petitioner that his request could be addressed at the January 7, 2013 pretrial conference. Neither Petitioner, nor Mr. Bellamy raised the issue at the pretrial conference. Instead, Petitioner signed a plea agreement on January 9, 2013, and entered his guilty plea the same day. Petitioner filed a formal motion to have Mr. Bellamy relieved as counsel on February 6, 2013, almost one month after Petitioner entered his guilty plea.

Petitioner claims the Court erred by failing to address at the January 7, 2013 pretrial conference Petitioner's call to the Clerk's Office and request to relieve Mr. Bellamy. Petitioner claims the Court's failure to address these matters at the January 7 pretrial conference resulted in a forced guilty plea. These allegations by Petitioner are not new and were previously addressed in an Order dated June 30, 2014 at docket entry #119.

Petitioner alleges Mr. Bellamy: 1) failed to review the indictment and discovery with Petitioner; 2) failed to conduct a cursory investigation; 3) failed to develop potential affirmative defenses; 4) failed to extract a favorable plea; 5) failed to investigate the impact of sentencing

7

guidelines; 6) failed to present Petitioner's change of counsel request during the January 2013 pretrial conference; and 7) failed to advocate on Petitioner's behalf.

At his guilty plea hearing on January 9, 2013, Petitioner testified as follows:

> The Court: Are you satisfied with the manner in which your lawyer has advised you and represented you in this case? Mr. Evans?
>
> Petitioner: Yes.
>
> The Court: Have you talked with your lawyer for as often and for as long as you felt it was necessary for him to represent you? Mr. Evans?
>
> Petitioner: Yes, sir.
>
> The Court: Do you need any more time to talk to your lawyer? Mr. Evans.
>
> Petitioner: No sir.
>
> The Court: Have you understood your conversations with your lawyer? Mr. Evans?
>
> Petitioner: Yes, sir.
>
> The Court: Has your lawyer done everything for you that you feel he should have done – he or she should have done or could have done for you? Mr. Evans?
>
> Petitioner: Yes, sir.
>
> The Court: Has your lawyer failed to do anything that you have asked him or her to do? Mr. Evans?
>
> Petitioner: No, sir.
>
> The Court: Are you completely satisfied with your lawyer's services? Mr. Evans?
>
> Petitioner: Yes, sir.

8

> The Court: Do you have any complaint that you want to make to the Court about your lawyer? Mr. Evans?
>
> Petitioner: No, sir.

[Plea hearing tr., ECF No. 158 at 13-16].

Petitioner's claims of ineffective assistance of counsel regarding Mr. Bellamy directly contradict Petitioner's sworn testimony at his guilty plea hearing. "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." *See Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) (holding that "the district court was not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amounted to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty"); *Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir. 1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing. This case does not involve the most extraordinary circumstances.") (internal quotation marks omitted); *Ouellette v. United States*, 862 F.2d 371, 377-78 (1st Cir. 1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy); *see also Bowman*, 348 F.3d at 417 ("[W]hen a defendant

9

says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process."). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-222.

The Court conducted a proper Rule 11 colloquy and established that Petitioner's plea was knowing and voluntary. In the absence of extraordinary circumstances, allegations in a Section 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." *Crawford*, 519 F.2d at 350. Petitioner has not shown sufficient extraordinary circumstances to overcome the hurdle created by his sworn statements under oath. Accordingly, Petitioner cannot establish ineffective assistance of counsel with respect to his guilty plea as he has failed to demonstrate constitutionally deficient performance by plea counsel.

Moreover, Petitioner has failed to establish prejudice. "[I]n order to prove prejudice in the guilty plea context, a person challenging his conviction must establish 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012). "[S]uch an individual 'must convince the court' that such a decision 'would have been rational under the circumstances.'" *Fugit*, 703 F.3d at 260. Here, in light of the overwhelming evidence of Petitioner's guilt as set forth in the presentence investigation report [ECF No. 143], Petitioner has not shown that any decision to proceed to trial would have been rational. Also, in light of Petitioner's sworn statements at the plea hearing, his sworn declaration that he intended to stand by his guilty plea [ECF No. 60-1], his

10

statements on the record at his sentencing hearing that he did not want to withdraw his guilty plea, and his decision not to refile any motion to withdraw his guilty plea, Petitioner has failed to demonstrate that, but for Bellamy's alleged ineffectiveness, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

For those reasons, the government is entitled to summary judgment as to ground one of Petitioner's motion to vacate.

Ground Two – Ineffective Assistance of Counsel – Withdrawal of Guilty Plea

In ground two, Petitioner alleges he was denied effective assistance of counsel when he sought to withdraw his guilty plea. Ground two is directed to Petitioner's second lawyer, Assistant Federal Public Defender William F. Nettles, who was appointed after Mr. Bellamy was relieved as counsel. Mr. Nettles served as Petitioner's counsel for less than five months before Petitioner waived his Sixth Amendment right to counsel and elected to represent himself. Mr. Nettles was then appointed to serve as standby counsel.

In connection with this ground relating to withdrawal of his guilty plea, Petitioner alleges Mr. Nettles: 1) failed to review the charges and discovery with Petitioner; 2) failed to perform a cursory investigation; 3) failed to develop potential affirmative defenses; 4) failed to investigate the impact of sentencing; 5) failed to advise Petitioner correctly of his chances of successfully withdrawing from the plea; 6) refused to prepare and present the arguments for Petitioner's plea withdrawal hearing; 7) refused to advocate on Petitioner's behalf; and 8) failed to provide effective assistance of counsel in his subsequent role of assistant counsel.

As an initial matter, with regard to Petitioner's complaint against Attorney Nettles as standby or assistant counsel, Petitioner waived his Sixth Amendment right to counsel and chose to represent

11

himself during his criminal proceedings. *See Faretta v. California*, 422 U.S. 806, 836 (1975). When a defendant does so, the trial court, as it did for Petitioner here, may appoint standby counsel to assist the *pro se* defendant. *Id.* at 834 n. 46. However, there is "no constitutional right to hybrid representation," where the defendant "share[s] the duties of conducting [his] defense with a lawyer." *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir.1997) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). Without a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective. *United States v. Cochrane*, 985 F.2d 1027, 1029 n. 1 (9th Cir.1993) (rejecting ineffective assistance of standby counsel argument in this context without foreclosing argument in future); *United States v. Windsor*, 981 F.2d 943, 947 (7th Cir.1992) ("court knows of no constitutional right to effective assistance of standby counsel"); *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir.1998) ("without a constitutional right to standby counsel, a defendant is not entitled to relief for ineffectiveness of standby counsel"). Accordingly, Petitioner's claim that Mr. Nettles failed to provide effective assistance of counsel in his subsequent role of standby counsel fails as a matter of law.

Mr. Nettles represented Petitioner between February 14, 2013, and July 1, 2013. By the time Mr. Nettles represented Petitioner, Petitioner had already signed a plea agreement and pled guilty. Attorney Nettles filed an amended motion to withdraw guilty plea and request for a hearing. [ECF No. 53]. Petitioner withdrew his motion to withdraw his guilty plea and filed a sworn declaration stating "[a]fter consultation with my attorney, I have instructed my attorney to withdraw my pro se motion to withdraw my guilty plea as well as the amended motion to withdraw my guilty plea. I intend to stand by my guilty plea." [ECF No. 60-1]. Petitioner then sought to have Mr. Nettles relieved and knowingly and voluntarily waived his Sixth Amendment right to counsel. [ECF No.

12

77]. After Mr. Nettles was relieved and appointed as standby counsel, Petitioner did not refile his motion or otherwise seek to withdraw his guilty plea. Petitioner represented himself for approximately one year before the Court held the sentencing hearing - from July 1, 2013 through July 9, 2014.

Nettles' affidavit supports that he advised Petitioner that his plea was well-taken (i.e. a thorough colloquy by the Court), and that based on the *Moore* factors, in his professional opinion, Petitioner would not be successful in withdrawing his plea, and recommended that Petitioner stick with his guilty plea to qualify for three levels off of his guidelines for acceptance of responsibility. Nettles' advice and representation did not fall below an objective standard of reasonableness and constituted a valid legal strategy.

Ultimately, Petitioner filed a declaration under penalty of perjury withdrawing both his motion to withdraw his guilty plea and the amended motion filed by Attorney Nettles. The Court cannot ignore Petitioner's sworn statements at his plea hearing, his sworn declaration stating he did not want to go forward on the motion to withdraw his plea and he intended to stand by his guilty plea, and his statements in open court at the sentencing hearing. Petitioner represented himself for a year prior to sentencing and again, never refiled the motion. Even assuming deficient performance, Petitioner cannot show prejudice. At most, Petitioner's claims of prejudice are speculative and belied by his own sworn statements and the fact that he represented himself.

Petitioner knowingly and voluntarily waived his right to counsel and assumed responsibility for his defense for approximately one year before his sentencing. As the Sixth Circuit has recognized, the fact of Petitioner's waiver of his right to counsel makes it virtually impossible in this case to assess whether Mr. Nettles' pre-waiver conduct was prejudicial. *See Wilson v. Parker*, 515

F.3d 682, 699 (6th Cir. 2008); *see also United States v. Schwartz*, 925 F. Supp. 2d 663, 680 (E.D. Penn. 2013) (defendant's allegations regarding defense counsel's brief representation before defendant waived his right to counsel amounts to speculative prejudice and is fatal to his pre-waiver ineffective assistance of counsel claims).

Petitioner has failed to demonstrate ineffective assistance of counsel under *Strickland* as to Mr. Nettles. The government is entitled to summary judgment with respect to ground two.

Ground Three – Prosecutorial Misconduct

In ground three, Petitioner asserts that the government engaged in prosecutorial misconduct. Petitioner alleges that a lead investigator in the case admitted to having lied in her sworn testimony before the grand jury. Petitioner also claims the lead investigator manipulated Petitioner's investors with false statements and convinced the investors to prosecute Petitioner. Petitioner also claims that the government failed to meet its evidentiary disclosure obligations, and the prosecutor knowingly permitted false testimony and evidence in the case.

These claims were raised on direct appeal in Petitioner's *pro se* supplemental brief. [ECF Nos. 219-1, 219-2, 219-3, 219-4, 219-5]. The Court of Appeals found no support in the record for the claims of prosecutorial misconduct and concluded that Petitioner was not entitled to relief on any of the claims raised in the pro se supplemental brief. [ECF No. 191 at 4-5]. Because these claims were raised on direct appeal and there has been no intervening change in controlling law, Petitioner cannot collaterally attack his conviction and sentence on that basis. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

To the extent Petitioner's motion to vacate contains allegations of prosecutorial misconduct that were not raised on direct appeal, those claims are procedurally defaulted and Petitioner has not

14

shown either "cause" or "prejudice," or that he is actually innocent. S*ee Murray*, 477 U.S. at 485; *Smith*, 477 U.S. at 537.

The government, therefore, is entitled to summary judgment as to ground three.

Ground Four – Judicial Bias/Error

Ground four alleges judicial bias. Specifically, Petitioner claims the Court: 1) failed to address his change of counsel request on January 7, 2013; 2) failed to timely answer Petitioner's motions; 3) failed to properly address the probation officer's deficient presentence investigation; 4) failed to provide sufficient notice for the sentencing hearing; 5) failed to correctly interpret Petitioner's persistence in regards to the plea; and 6) failed to make appropriate concessions and rulings that Petitioner's case merited at the sentencing hearing.

Like ground three, these claims were raised on direct appeal in Petitioner's *pro se* supplemental brief. [ECF Nos. 219-1, 219-2, 219-3, 219-4, 219-5]. The Court of Appeals concluded that Petitioner was not entitled to relief on any of the claims raised in the pro se supplemental brief. [ECF No. 191 at 5]. Because these claims were raised on direct appeal and there has been no intervening change in controlling law, Petitioner cannot collaterally attack his conviction and sentence on that basis. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

To the extent Petitioner's motion to vacate contains allegations of judicial error or bias that were not raised on direct appeal, those claims are procedurally defaulted and Petitioner has not shown either "cause" or "prejudice," or that he is actually innocent. S*ee Murray*, 477 U.S. at 485; *Smith*, 477 U.S. at 537.

The government is entitled to summary judgment as to ground four.

15

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 220] motion for summary judgment is **GRANTED** and Petitioner's [ECF No. 199] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. Petitioner's [ECF No. 217] motion for judgment on the pleadings is **DENIED**.

**IT IS SO ORDERED**.

May 17, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge